# NO. 12-10-00178-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL CAMPBELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant was convicted of possession of a controlled substance, and sentence was imposed on June 22, 2009.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for new trial. Therefore, Appellant's notice of appeal was due to have been filed on or before July 22, 2009. However, Appellant did not file his notice of appeal until June 10, 2010 and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On June 14, 2010, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeal would be dismissed unless, on or before June 24, 2010, the information filed in this appeal was amended to show the jurisdiction of this court. The deadline has passed, and Appellant

has neither shown the jurisdiction of this court or otherwise responded to its June 14, 2010 notice.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeal must be dismissed.  *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)